UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br><br>CARLOS MANUEL IRIZARRY,<br><br>    Debtor.<br>_____/<br><br>CARLOS M. IRIZARRY,<br><br>    Plaintiff,<br>v.<br><br>PEDRO W. RODRIGUEZ, PA, a Florida professional service corporation (*aka* a professional association), and PEDRO W. RODRIGUEZ, an individual,<br><br>    Defendants.<br>_____/ | Case No.: 8:19-bk-02270-MGW<br>Chapter 13<br><br><br><br><br><br>Adv. No.: 8:21-ap-00017-MGW |

**PLAINTIFF/DEBTOR'S MOTION TO WITHDRAW THE REFERENCE
AND MOTION FOR RELATED OR ALTERNATIVE ABSTENTION RELIEF**

Plaintiff/Debtor, CARLOS M. IRIZARRY ("Plaintiff"), by and through his undersigned counsel, and pursuant to Sections 157 and 1334 of Title 28 of the United States Code, Rules 5011 and 9027, *Federal Rules of Bankruptcy Procedure* (the "Bankruptcy Rules"), Local Rules 5011-1 and 5011-2, and other applicable law, hereby files this *Plaintiff/Debtor's Motion to Withdraw the Reference and Motion for Related or Alternative Abstention Relief*, and respectfully moves for entry of an order withdrawing the reference to the United States Bankruptcy Court, Middle District of Florida, Tampa Division, of the above-captioned adversary proceeding, styled generally, *Carlos M. Irizarry, v. Pedro W. Rodriguez, P.A., a Florida professional service corporation (aka a*

1

*professional association), and Pedro W. Rodriguez, an individual*, Adv. No. 8:21-ap-00017-MGW (the "Adversary Proceeding"). and states as follows:

### BACKGROUND, REMOVAL FROM STATE COURT, AND RESERVATION OF RIGHTS TO SEEK REMAND

1. Jurisdiction over this motion exists pursuant to 28 U.S.C. §§ 1334 and 157, and the Order which serves as the Standing Order of Reference from the United States District Court for the Middle District of Florida, dated as of February 22, 2012, or any subsequent or alternate applicable Standing Order of Reference.

2. Movant does not consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein include, without limitation, Section 157(d) of the Bankruptcy Code, Bankruptcy Rule 5011, and Local Rules 5011-1, 5011-2.

4. Plaintiff respectfully asserts that this action was properly brought before the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida (the "State Court").

5. Plaintiff has previously filed a *Notice of Non-Consent to Final Orders and Judgment of Bankruptcy Court*, noting that Plaintiff does not consent to waiver of jury trial, and Plaintiff possesses a right to trial by jury.

6. That given Plaintiff's right to trial by jury, and further pending (but not conditioned upon) any determination of whether the action is core (as opposed to non-core), the Plaintiff is asserting and preserving both its right to trial by jury and its right to seek remand to the State Court.

7. Accordingly, to any extent allowed or allowable, and pursuant to Rule 9027(e)(3), the Plaintiff has previously provided notice that it does not consent to the Bankruptcy Court's entry of final orders or judgment relating to the Plaintiff's claims and causes of action in this adversary proceeding.

8. On January 21, 2021, Defendants filed a *Notice of Removal*, essentially initiating the removal of the action filed by Plaintiff from the State Court.

9. Pursuant to application of Local Rules 5011-1, 5011-2, this instant motion for withdrawal of the reference and related or alternative motion for abstention, is timely filed.

## WITHDRAWAL OF REFERENCE

10. By this instant Motion, Plaintiff seeks entry of an order, pursuant to 28 U.S.C. Section 157(d), Bankruptcy Rule 5011 and Local Rule 5011-1, withdrawing the reference to the Bankruptcy Court of the Adversary Proceeding.

11. Federal district courts have original and exclusive jurisdiction of civil cases under Title 11 and original but not exclusive jurisdiction of proceedings arising under Title 11 or arising in or related to cases under Title 11.  See 28 U.S.C. § 1334 (a) and (b).  And a District Courts can refer these cases and proceedings to the Bankruptcy Court within its district.  See 28 U.S.C. § 157 (a).

12. However, where – as here – and the claims and causes of action upon which a removed Adversary Proceeding is premised, and the resolution of the Adversary Proceeding itself, require substantial and material consideration and interpretation of non-bankruptcy laws, there exists a reasonable potential or mandate for withdrawal of such reference.  In the instant Adversary Proceeding, the claims and causes of action in whole or in substantial part, are based upon claims

of Florida state law relating to negligence, professional negligence, breach of fiduciary duty, or breach of other duties under Florida law.

13. As resolution of the claims and causes of action in the Adversary Proceeding will require substantial and material consideration and interpretation of non-bankruptcy law, mandatory withdrawal of the reference to the Bankruptcy Court may be required.

14. If the District Court determines that mandatory withdrawal of the reference is not warranted, cause exists to withdraw the reference of the Adversary Proceeding under discretionary withdrawal of the reference.

15. The District Court can withdraw the reference, in whole or in part, of any case or proceeding, on a timely motion of a party for cause. *See 28 U.S.C. § 157(d).*

16. Here, cause exists because for reasons that include, *inter alia*, the action was initiated properly before the State Court, the proceeding before the State Court is economical and expeditious, the proceeding before the State Court allows for the interpretation and application of applicable Florida law standards, and the request has been made timely.

17. Further, Plaintiff made a demand in the State Court for jury trial, and under applicable Florida law, Plaintiff has a right to jury trial for the respective claims asserted in the Adversary Proceeding.

18. Additionally, the Adversary Proceeding is new. Prior to removal, the State Court ruled upon the initial dismissal motion, and discovery was commenced. The number of orders or rulings made or entered by the Bankruptcy Court to date, is minimal. Such factors, *inter alia*, weigh in favor of withdrawal.

19. Accordingly, cause exists to justify discretionary withdrawal of the reference.

## **MANDATORY AND DISCRETIONARY ABSTENTION**

20.     Plaintiff asserts that additionally, or alternatively, the Court should abstain from the Adversary Proceedings, for reasons that include, inter alia, application of 28 U.S.C. § 1334. Notably, 28 U.S.C. § 1334 (c)(2) provides:

> **(2)** Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334 (c)(2).

21.     In the instant Adversary Proceeding, it appears clear that the claims and causes of action are Florida state law claims and Florida state law causes of action, inclusive of negligence, professional negligence, breach of fiduciary duty, and other Florida state law claims; as such the claims and causes of action do not arise "under the Bankruptcy Code."

22.     Defendants, in their *Notice of Removal*, further rely solely on 28 U.S.C. § 1334, as the basis for federal jurisdiction.

23.     The Florida state law claims and Florida state law causes of action can be timely adjudicated in the State Court.

24.     The Adversary Proceeding at the time of removal, had already begun before the State Court.

25.     Accordingly, it would appear that the doctrine of mandatory abstention applies in the instant Adversary Proceeding.

26. Further, and alternatively, there are clear factors present in the instant Adversary Proceeding that make discretionary abstention appropriate. These factors, include, without limitation, that state law issues were clearly before the State Court prior to removal, there is no jurisdictional basis other than asserted "bankruptcy jurisdiction," it is clearly feasible for the State Court to enter judgment in favor of Plaintiff and against Defendants, there is an existing and asserted right to jury trial by the Plaintiff, there is no consent to jury trial before the Bankruptcy Court, the Defendants are non-debtor parties, and the original proceeding began in State Court.

27. This motion for abstention is timely filed. *See Local Rule 5011-2.*

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that this Court enter an order granting the relief requested in the instant Motion and withdrawing the reference of the Adversary Proceeding to the Bankruptcy Court, additionally or alternatively, determining that mandatory or discretionary abstention principles militate in favor of abstention, and entering an Order of abstention from the Adversary Proceeding, together with provision of such other consistent relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Scott R. Lilly*
**SCOTT R. LILLY, ESQUIRE**
Florida Bar No. 119245
**GIONIS, LILLY & ROMERO, PLLC**
P.O. Box 172667
Tampa, Florida 33672
Phone: 813-773-3333
Facsimile: 813-319-9939
Primary Email: srlilly@gionislilly.com
Secondary Email: carissa@gionislilly.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 11, 2021, a true and correct copy of the foregoing was served electronically to all parties registered for service in this proceeding through the CM/ECF filing and service system, including the following:

| | |
|---|---|
| Jake C. Blanchard, Esquire<br>BLANCHARD LAW, PA<br>1501 South Belcher Road, Unit 6B<br>Largo, Florida 33771<br>jake@jakeblanchardlaw.com | Curran K. Porto, Esquire<br>CURRAN K. PORTO, PA<br>410 South Ware Boulevard, Suite 105<br>Tampa, Florida 33619<br>curran@southernelderlaw.com<br>*Attorneys for Defendants* |

and via First Class U.S. Mail to:

Carlos M. Irizarry
1112 Lumsden Pointe Boulevard
Valrico, Florida 33594

*/s/ Scott R. Lilly*
**ATTORNEY**